**CHAS. S. WINNER, INC., a corporation**

v.

**TEAMSTERS LOCAL UNION NO. 115, an unincorporated association.**

**Appeal of TEAMSTERS LOCAL UNION NO. 115.**

No. 85–5184.

United States Court of Appeals, Third Circuit.

Argued Sept. 26, 1985.

Decided Dec. 4, 1985.

Richard H. Markowitz (argued), Robert C. Cohen, Markowitz & Richman, Philadelphia, Pa., for appellant.

Edward C. Laird (argued), Steven W. Suflas, Archer & Greiner, A Professional Corp., Haddonfield, N.J., for appellee.

Before GIBBONS, SLOVITER and STAPLETON, Circuit Judges.

### OPINION OF THE COURT

GIBBONS, Circuit Judge:

A union, Teamsters Local No. 115, appeals from a district court's summary judgment order holding that an employer, Chas. S. Winner, Inc., need not arbitrate a grievance filed by the union and enjoining the union from further attempting to arbitrate the grievance. We affirm.

## I.

The employer operates an automobile sales agency in Cherry Hill, New Jersey that employs approximately thirty-two salesmen. Since March of 1978 the Organization of Vehicular Counselors (OVSC), an independent union, has represented those salesmen in collective bargaining. The OVSC and the employer executed a collective bargaining agreement for the period September 1, 1983 through February 28, 1985. Section 4 of that agreement contains an undertaking to arbitrate "[a]ll disputes arising out of the interpretation or application of any provision of this Agreement." Section 7 provides that the agreement "shall be binding upon the Company and the Organization and their successors and assigns."

On May 11, 1984 the membership of OVSC, after having received appropriate notice, voted in a secret ballot election to affiliate with Local 115. Three days later John Morris, the Secretary/Treasurer and Business Manager of Local 115, wrote to the employer requesting a meeting. On May 29, 1984 the employer's attorney responded, advising Local 115 that the employer would not recognize it as a successor of the OVSC. Local 115 designated an employee as the union representative, and that employee filed a grievance with the employer protesting its refusal to recognize Local 115 as OVSC's successor. The grievance relied upon the quoted "successors and assigns" language in section 7 of the agreement. When the employer refused to grieve, Local 115 unilaterally initiated arbitration proceedings with the American Arbitration Association.

When the Association commenced processing Local 115's demand for arbitration, the employer filed suit in the district court.

It sought a declaratory judgment that Local 115 was not a party to its agreement with the OVSC as well as an injunction prohibiting Local 115 from taking any steps to compel arbitration of the disputed grievance. Local 115 counterclaimed for an order compelling arbitration.[1] The employer moved for summary judgment. The district court first held that it was for it, and not an arbitrator, to decide whether Local 115 was a party to the collective bargaining agreement—and was thus entitled to attempt to enforce the agreement's arbitration clause. Then, after finding that no disputed issues of material fact existed, the court, applying the standards of successorship announced in *Howard Johnson Co. v. Detroit Local Joint Executive Board*, 417 U.S. 249, 94 S.Ct. 2236, 41 L.Ed.2d 46 (1974); *Sun Oil Co. v. NLRB*, 576 F.2d 553 (3d Cir.1978); *NLRB v. Bernard Gloekler North East Co.*, 540 F.2d 197 (3d Cir.1976); and *American Bridge Division, United States Steel Corp. v. NLRB*, 457 F.2d 660 (3d Cir.1972), held that Local 115 was not a successor to the OVSC and thus not a party to the collective bargaining agreement. This appeal followed.

## II.

Local 115 contends that the district court committed legal error when it took upon itself the responsibility of deciding whether the union was a party to the collective bargaining agreement. It argues that, because the decision concerned whether Local 115 was a successor or assignee within the meaning of the agreement signed by the employer and the OVSC and because that agreement bound those two parties to arbitrate "all disputes arising out of the interpretation or application of this agreement," the district court should have referred the

---

1. The employer claimed that the district court had subject matter jurisdiction over the dispute by virtue of section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185 (1982). That section authorizes suits "for violation of contracts between an employer and a labor organization." It is true that the employer's suit is in a broad sense such a suit in that it seeks to preserve a contractual relationship between it and the OVSC. However, the jurisdic-

tional issue is complicated by the fact that the OVSC is not a party to this suit. Nonetheless, the district court clearly had subject matter jurisdiction over Local 115's counterclaim to compel arbitration. Consequently, we have subject matter jurisdiction over this appeal. *Rengo Co. Ltd. v. Molins Machine Company, Inc.*, 657 F.2d 535, 539 (3d Cir.) *cert. denied* 454 U.S. 1055 (1981).

decision to an arbitrator. In further support of its contention, Local 115 invokes the frequently heard dictum that arbitration is the preferred method of setting labor disputes.

The district court rejected Local 115's analysis. It reasoned that the question whether a party is bound by a collective bargaining agreement is antecedent to the question of arbitrability and therefore must be decided by a court.

### III.

Our analysis starts with the fundamental premise that arbitration is a contract remedy. Thus, for a labor relations issue to be arbitrable, it first must be one that is susceptible to contractual resolution. The specific issue central to this appeal is whether an employer and labor organization can contractually designate a procedure for resolving successorship disputes.

Labor relations issues that run afoul of the substantive provisions of the National Labor Relations Act (NLRA), 29 U.S.C. §§ 151–169 (1982), cannot be resolved by contract. Several of the Act's provisions are relevant to this case. First, there is section 9, which provides that "[r]epresentatives designated or selected for the purposes of collective bargaining by the majority of the employees in a unit appropriate for such purposes, shall be the exclusive representatives of all the employees in such unit for the purposes of collective bargaining." *Id.* § 159(a). That same section delegates to the National Labor Relations Board the authority to supervise employee selection of a bargaining representative as well as the power to designate appropriate bargaining units. *See id* § 159(b), (c). In addition, provisions of section 8 define as unfair labor practices employer interference with employee free choice of bargaining representatives and employer assistance to favored labor organizations. *See id.* § 158(a)(1), (2).

The thrust of these provisions is clear: the selection of a collective bargaining representative is left to the employees in an appropriate unit, with the Board exercising oversight of such selection. Yet Local 115 contends that the district court should have referred the issue of whether it was a successor or assignee of the OVSC—in other words, whether Local 115 was the employees' collective bargaining representative—to an arbitrator. We reject this contention. Union successorship is not a contract issue[2] and thus can never be decided by an arbitrator.[3]

In light of the above discussion, it is also evident that the district court erred when it decided that Local 115 was not a party to the agreement signed by the OVSC and the employer, for the status of Local 115 is no

---

**2.** Whether an employer is a successor, and thus is bound by a collective bargaining agreement with an unchanged group of employees in a bargaining unit, is an entirely different issue. Employers do not designate bargaining representatives pursuant to section 9 of the NLRA. *See West Point-Pepperell, Inc. v. Textile Workers Union of America,* 559 F.2d 304, 307 (5th Cir. 1977).

**3.** Local 115 argues that, by virtue of its having received a majority of representation cards in the secret balloting that took place on May 11, 1984, it is a valid bargaining representative. It is of course true that a union can obtain representation status through a card majority. *See NLRB v. Gissel Packing Co.,* 395 U.S. 575, 595–600, 89 S.Ct. 1918, 1930–33, 23 L.Ed.2d 547 (1969). However, the union's argument fails for several reasons.

First, although the record discloses that a majority in attendance at the OVSC meeting voted for affiliation, it does not establish that a majority in the bargaining unit so voted. Second, even if a majority in the unit voted for affiliation there are statutory and caselaw limitations on the right of employees to designate new bargaining representatives. *See, e.g.,* 29 U.S.C. § 159(c)(3) (1982) (proscribing filing of election petitions within one year of most recent election); *National Sugar Refining Co.,* 10 N.L.R.B. 1420 (1939) (contract bar rule). Finally, the employer remains free, absent unfair labor practices that would warrant a bargaining order, to insist upon a representation election. *Linden Lumber Div., Summer & Co. v. NLRB,* 419 U.S. 301, 304–05, 310, 95 S.Ct. 429, 431–32, 434, 42 L.Ed.2d 465 (1974). Only the Board has authority to issue such an order. The Board does not defer to arbitral decisions on representation issues. *Hershey Foods Corp.,* 208 N.L.R.B. 452, 457 (rejecting argument that Board should defer issue of union accretion to arbitrator), *enf'd mem.,* 506 F.2d 1052 (3d Cir.1974).

more a decision for a district court than it is for an arbitrator. That dispute is one for the Board to resolve.[4] *West Point-Pepperell, Inc. v. Textile Workers Union of America*, 559 F.2d 304, 307 (5th Cir. 1977).

## IV.

The judgment appealed from will be affirmed insofar as it declares that the employer is not bound to arbitrate the successorship issue, but vacated insofar as it declares that Local 115 is not a successor with which the employer must bargain collectively. No costs.

---

**4.** The point that the court should not have resolved the successorship issue is far from academic in the instant dispute. The employer, in addition to filing this section 301 suit, filed an unfair labor practice charge against Local 115. In the exercise of the discretion conferred by section 3(d) of the NLRA, 29 U.S.C. § 153(d), the General Counsel declined to issue a complaint.

Meanwhile, Local 115 filed an unfair practice charge against the employer, contending that it had unlawfully refused to bargain with Local 115 as the duly authorized bargaining representative of those in the bargaining unit. On that charge the General Counsel elected to issue a complaint. After conducting a hearing, an administrative law judge ruled that Local 115 was not a successor. Chas. S. Winner, Case 4–CA–14811 (NLRB ALJ Sept. 24, 1985). The General Counsel has since filed exceptions to that decision, and thus the successorship question is pending before the National Labor Relations Board.

Whatever the outcome before the Board, a petition for review to this court is not unlikely. The Board's decision, and that of this court if a petition for review is filed, should be made free of any judgment preclusion effect of a district court declaration on the question of successorship.